## Twentieth Congressional District Election.

*Election law—Congressional election—Contest—Jurisdiction of Congress—Constitution of United States, article I, section 5—Appeals—Divided court.*

Where on an election for a congressman the returns show a majority for one candidate, and, on a recount by the court below, sitting as a computation board, the other candidate appears to have a majority, and the court below abides by the original returns on the ground that Congress is the only judge of the election of its own members, under the Constitution of the United States, article I, section 5, and orders a certificate to be issued to the first named candidate in accordance with that ruling, the order must stand if, regarding the ballots in one of the election districts, the Supreme Court is equally divided on the question of the legal right of the court below to make the recount under the circumstances there appearing as to the physical condition of the ballot box, and where the effect of deciding that such a recount was unwarranted in a computation proceeding is to give appellee, the candidate first named, a prevailing majority.

Argued December 4, 1924. Appeal, No. 41, March T., 1925, by Warren Worth Bailey, from order of C. P. Cambria Co., Sept. T., 1924, discharging rule to dismiss the petition for rule to show cause why certificate should not be awarded to Anderson H. Walters in the matter of

the Election of the Twentieth Congressional Election
District of Pennsylvania. Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.
Affirmed.

Rule to dismiss rule to award certificate of election.
Before BALDRIGE, P. J., specially presiding, EVANS, P.
J., and MCCANN, J.

From the record it appeared that a computation of
the votes cast for congressman in the Twentieth Con-
gressional District, based on the election returns filed
with the prothonotary of the Court of Common Pleas
of Cambria County, showed that Anderson H. Walters
had an apparent majority · of sixty-three votes over
Warren Worth Bailey. Counsel for the latter filed
petitions with that court, sitting as a computing board,
alleging, in general language, fraud and palpable mis-
takes in the returns from several of the election dis-
tricts, and asking a recount of the ballots therein.
Walters' counsel objected, but the court decided against
them, and ·the votes were recounted. Both sides then
filed similar petitions as to other election districts, and
the votes were recounted in them also. The net result
was that Bailey appeared to have a majority of fourteen
votes. Counsel for Walters then applied to the court to
rescind its previous rulings and to award the certificate
of election to him, because, by the returns as originally
filed, he appeared to have a majority of the votes cast.
Their contention that the court should accept and abide
by the original returns, was based on the provision of
article I, section 5, of the Constitution of the United
States declaring that "Each House [of Congress] shall
be the judge of the elections, returns and qualifications of
its own members," claiming that, under this, the court
could only add up the returns as made by the election
officers, and award a certificate accordingly. The court
below sustained this contention and awarded the cer-
tificate to Walters, whereupon Bailey appealed, counsel

on both sides agreeing at bar that this court should consider all the evidence returned with the record, and decide the questions raised as the court below should have decided them.

Among the boxes which had been opened, and the ballots recounted, was the one from St. Michael's Election District. When it was brought into the court below, it appeared that its seal and tape were broken, and the tape retied, and also that there was an open space of some two and three-quarters inches between the lid and the rest of the box, thereby giving an opportunity to take out some of the ballots cast and to substitute others. All but one of the election officers testified that the ballots in the box were those which had been cast at the election, whereupon the court overruled all objections to considering these ballots and recounting the votes, altering the returns according to the totals thus ascertained. This resulted in an addition of thirty-nine votes to Bailey's total; excluding them, his majority of fourteen is changed to a majority of twenty-five for Walters.

Rule to award the certificate to Walters made absolute and Bailey appealed.

*Error assigned* was, inter alia, order, quoting record.

*Wm. A. Glasgow, Jr.,* with him *Wm. A. McGuire, Philip N. Shettig, George E. Wolfe, Harry Doerr* and *R. Edgar Leahey,* for appellant.—The Act of January 30, 1874, P. L. 31, section 13, as amended finally by the Act of 1923, P. L. 267, is not repugnant to the Constitution and laws of the United States in its application to returns in congressional elections: Congressional District Nomination, 268 Pa. 313; Carbondale Election, 280 Pa. 159.

*Ira Jewell Williams* and *J. Earl Ogle, Jr.,* with them *Walter W. Krebs, Alvin Sherbine, Frank P. Barnhart, A. Carson Simpson* and *Francis Shunk Brown,* for ap-

pellee.—This court has in effect determined that the house of representatives is the proper tribunal to judge of the elections, returns and qualifications of its own members: Com. v. Emminger, 74 Pa. 479; McNeill's Election, 111 Pa. 235.

Since each house of Congress is the judge of the elections returns and qualifications of its own members, no contest lies in a state court.

The house, being the tribunal created by the federal Constitution, with its practice regulated by act of Congress and standing rules, its jurisdiction is exclusive in contested cases.

Such an election contest in a state court would be futile and farcical. Recounting the ballots in the St. Michael's Election District, with the box in the condition in which it was when brought into court, is permissible only in an election contest, whether the certificate of election be for a state office, or for congressman under the existing laws in relation thereto.

Any procedure which in substance partakes of the essence of an election contest, in whole or in part, is reserved to Congress when the certificate involved is for the office of congressman.

While the legislature, in respect to state offices, may impose on computation boards jurisdiction and powers essentially those of a court trying phases of a contested election case, the legislature will be presumed not to intend to attempt to confer such jurisdiction in respect of representatives in Congress,—just as the legislature will not be presumed to have included the office of representative in congress in any general law providing for plenary election contests.

To attempt to clothe a computation board in respect to the office of representative in Congress with the powers and jurisdiction of a court sitting in even a partial or quasi contested election case would be beyond the scope of the functions of the State, just as much as to attempt to give jurisdiction in a plenary election contest.

PER CURIAM, December 5, 1924:

The judges who heard this case are equally divided in opinion on the question as to whether or not the votes in the ballot box of St. Michael's Election District could legally be counted by the board computing the returns; when these ballots are considered and the returns changed according to the recount, Bailey is entitled to the certificate of election, but when not, Walters is entitled to receive it. This court being divided on the question of the legal right to count the votes involved, it follows that the order appealed from must stand as made and the certificate issue to Anderson H. Walters; and it is so ordered.